UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Taurus Geter

               Petitioner,

vs.

Andrew Mansukhani,

               Respondent.

Civil Action No.: 1:14-cv-3501-BHH

**Opinion and Order**

      This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 12), which recommends that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. For the reasons set forth below, the Court declines to adopt the Report.

## BACKGROUND

      The petitioner, Taurus Geter, a federal inmate at FCI-Estill, who is proceeding *pro se* brought this action pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA") and seeking a reduction in his federal sentence. According to the petitioner, he was convicted of conspiracy to distribute heroin and, on January 26, 2007, was sentenced to 210 months imprisonment as an armed career criminal. The petitioner's 2007 appeal to the Eleventh Circuit was unsuccessful, and his motion to vacate his sentence under § 2255 was denied in 2012. On September 2, 2014, the petitioner filed this action pursuant to 28 U.S.C. § 2241. The petitioner alleges that his sentence should be vacated because his prior convictions no longer qualify as crimes of violence for the purposes of the ACCA. Moreover, the petitioner alleges that the sentence he received exceeds the statutory maximum he would have faced had his sentence not been enhanced under

the ACCA. (*See* ECF No. 1) ("Petitioner's sentence was erroneously enhanced 400% under §4B1.1(a). Minus erroneous career offender status Petitioner's sentence is at least 159 months above the maximum sentence of 51 months the court could have imposed without career offender factors.")).

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Shiva V. Hodges. On September 30, 2014, the Magistrate Judge issued a Report recommending that the § 2241 petition be dismissed without prejudice and without requiring the respondent to file a return because the petitioner's challenge to his sentence enhancement under the ACCA is not appropriate for review under § 2241 and the petitioner does not satisfy the savings clause of § 2255. The petitioner filed an objection on October 20, 2014 (ECF No. 15).

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do

not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* On October 20, 2014, the petitioner filed an objection in this case, and thus the Court has conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

After conducting a *de novo* review, the Court declines to dismiss the petitioner's case on the grounds set forth in the Report. In doing so, the Court expresses no opinion regarding the ultimate validity of the petitioner's claim. Rather, the Court finds that a recent Fourth Circuit case, decided after the Magistrate Judge issued her report, creates sufficient uncertainty regarding the availability of relief under § 2241 to warrant allowing the petitioner to proceed with this action.

The Magistrate Judge concluded that the petitioner is not entitled to challenge his federal sentence under § 2241 because he does not satisfy the savings clause of § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.A. § 2255(e). The Fourth Circuit has previously held that to establish that § 2255 "is inadequate or ineffective to test the legality of [a petitioner's] detention" as required by the statute, three conditions must be met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

4

As the Magistrate Judge observed, the Fourth Circuit Court of Appeals has not extended the savings clause of § 2255 to petitioners challenging only their sentences, indicating that a petitioner must be challenging the legality of his *conviction*, not just his sentence.  See *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).  *See also Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013)(unpublished) ("[W]e conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a § 2241 petition."); *United States v. Pettiford,* 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

In its recent decision in *United States v. Surratt*, the Fourth Circuit reiterated that under its decision in *In Re Jones*, being incorrectly sentenced was not the same thing as being "actually innocent."  As the Court of Appeals explained, "[t]o say "that a petitioner can be 'actually innocent' of a sentencing enhancement," rather than an element of the actual crime, "would require a great deal of both verbal and logical gymnastics."  *U.S. v. Surratt*, 14-6851, 2015 WL 4591677, at *6 (4th Cir. July 31, 2015).  The Fourth Circuit rejected Surratt's claim that his predicate convictions should be viewed as elements of the crime.

The Fourth Circuit acknowledged, however, that "*Jones* is not the exclusive route to § 2255(e) relief in all situations" and proceeded to examine the language of the savings clause to determine "whether sentencing errors like the one claimed [in *Surratt*] are redressable under the savings clause."  *Id.* at *7 (quotation marks and citation

5

omitted).  The Court of Appeals concluded that *Surratt* was not entitled to relief under the savings clause, but its reasoning leaves open the possibility that there may be instances in which the savings clause would allow a petitioner to challenge a sentencing enhancement under § 2241.

Specifically, the Fourth Circuit discussed the "legality" of a sentence, drawing a distinction between a sentence that is "illegal" and one that is imposed based on an incorrect reading of the law.  *Id.* at *13 ("As we explained in another context, though, 'not every [proceeding] alleging a legal error in sentencing challenges that sentence as illegal.'" (quoting *United States v. Thornsbury,* 670 F.3d 532, 539 (4th Cir. 2012)).  An example of a potentially "illegal" sentence would be one that exceeds "the proper statutory maximum."  *Surratt*, 2015 WL 4591677, at *12.

Surratt had been given a life sentence, which the sentencing judge, despite misgivings, found to be mandated by 21 U.S.C. § 841(b)(1)(A) and the Fourth Circuit's ruling in *United States v. Harp,* 406 F.3d 242 (4th Cir. 2005).  *Harp* was subsequently overruled by the Fourth Circuit's ruling in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) (en banc).  Had Surratt been sentenced under *Simmons*, he still would have had a prior felony drug conviction, and thus faced a sentence between 20 years and life.  *U.S. v. Surratt*, 2015 WL 4591677, at *13.  Noting that "courts largely have not recognized an "illegal" detention—one that would trigger the savings clause—where the defendant challenges a sentence within the correct statutory maximum," the Fourth Circuit concluded that "[t]his widely held view of 'legality' should foreclose Surratt's claim."  *Id.* at 13.

6

Nevertheless, the Fourth Circuit left open the possibility that a prisoner who received a sentence in excess of the statutory maximum might challenge his confinement under § 2241: "We also stress that our decision today is limited to the particular facts of this case. We do not decide whether, for instance, a federal prisoner might bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 27. Here, the petitioner alleges that the sentence he received exceeds the statutory maximum. The Magistrate Judge ruled without the benefit of *Surratt*, and, since the Fourth Circuit left open the question of whether a petitioner whose sentence exceeds the statutory maximum could proceed under § 2241, the Court declines to adopt the Report.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court declines to adopt the Report and remands the case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 13, 2015
Greenville, South Carolina