IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Taurus Geter, ) | Civil Action No.: 1:14-3501-BHH |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Warden Mansukhani, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Taurus Geter ("Petitioner"), a state prisoner proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation ("Report").

On December 30, 2015, Respondent Warden Mansukhani ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 25; 26.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 30, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 27.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately; however, Petitioner failed to file a response. On February 9, 2016, Magistrate Judge Rogers ordered Petitioner to advise the court by February 23, 2016, if he wished to continue with the case (ECF No. 29); however, Petitioner did not file a response. Thus, Magistrate Judge Rogers recommends that this action be dismissed with prejudice for failure to prosecute. (ECF No. 31.)

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 31 at 3.) On March 9, 2016, the envelope that was mailed to the Federal Correctional Institution, Estill ("FCI-Estill") containing Petitioner's copy of the Report and Recommendation (ECF No. 31) was returned to the Clerk of Court, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (ECF No. 33.) Petitioner was advised by orders filed September 3, 2014, and September 30, 2014, of his responsibility to notify the Court in writing if his address changed and that his case could be dismissed for failing to comply with the Court's order. (ECF Nos. 5; 11.)

After a thorough review of the record of this matter, the applicable law, and the Report, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report (ECF No. 31) by reference herein. It is therefore ORDERED that this action be dismissed *with prejudice* for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
March 31, 2016

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.